UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CARROLLTON STREET PROPERTIES, LLC. <br><br> VERSUS <br><br> INDEPENDENT SPECIALTY INSURANCE COMPANY | CIVIL ACTION NO.: 2:23-cv-04701 <br><br> SECTION: "H" <br><br> JUDGE: JANE TRICHE MILAZZO <br><br> MAGISTRATE JUDGE: DONNA PHILLIPS CURRAULT |

**FIRST AMENDED COMPLAINT FOR DAMAGES**

Plaintiff, CARROLLTON STREET PROPERTIES, LLC (hereinafter, referred to as "Plaintiff"), through undersigned counsel, respectfully submits this First Amended Complaint against Defendant, INDEPENDENT SPECIALTY INSURANCE COMPANY (hereinafter, referred to as "Defendant"), and makes the following allegations of law and fact:

**PARTIES**

1.

Plaintiff, CARROLLTON STREET PROPERTIES, LLC., is a limited liability company domiciled in New Orleans, Louisiana and with its principal place of business located in New Orleans, Louisiana. CARROLLTON STREET PROPERTIES, LLC. has one officer – Sarah Abboud who is a citizen of New Orleans in the State of Louisiana. CARROLLTON STREET PROPERTIES, LLC. has no additional officers or members.

2.

Made Defendant herein INDEPENDENT SPECIALTY INSURANCE COMPANY is, upon information and belief, a surplus lines insurer authorized to do and doing business in the Parish of Orleans, State of Louisiana with its domicile in Delaware and its principal place of

business located in Bedford, Texas. DEFENDANT may be served through its registered agent for service in the State of Louisiana: Louisiana Secretary of State, 8585 Archives Avenue, Baton Rouge, LA 70809.

## JURISDICTION AND VENUE

3.

This Court has diversity subject matter jurisdiction under 28 U.S.C. § 1332 because Plaintiff and Defendant are citizens of different states. Plaintiff is a citizen of the State of Louisiana. DEFENDANT has its principal place of business in Texas and is domiciled in Delaware. DEFENDANT is a citizen of both Texas and Delaware. Moreover, the amount in controversy exceeds $75,000.00.

4.

This Court has personal jurisdiction over DEFENDANT because DEFENDANT maintains minimum contacts in the State of Louisiana and the causes of action at issue arise out of DEFENDANT contacts in the State of Louisiana. Moreover, DEFENDANT is licensed to do and doing business in the State of Louisiana.

5.

Venue properly lies in this Court pursuant to 28 U.S.C. § 1391(b) because the events and circumstances giving rise to the claim(s) stated herein occurred within this district and within the jurisdiction of this Court.

## FACTS

6.

DEFENDANT insured PLAINTIFF's property located at 4223 South Carrollton Avenue, New Orleans, Louisiana 70119, hereinafter referred to as **The Property**.

7.

The insurance contract between DEFENDANT and PLAINTIFF is contained in Policy Number **VVX-CU-704904-02**, hereinafter referred to as **The Policy**.

8.

Plaintiff timely paid all premiums required for **the Policy** to be in full force and effect on the date of the loss identified herein.

9.

**The Policy** was in full force and effect on August 29, 2021, when Hurricane Ida made landfall as a Category 4 hurricane with sustained winds of 150 mph, gusts up to 172 mph, and a minimum central pressure of 929 millibars.

10.

**The Policy** covered **the Property** against loss and damage caused by, among other perils, wind and water. **The Policy** required Defendant to pay Plaintiff the cost of all damages to **the Property** caused by Hurricane Ida.

11.

The devastating winds, wind-driven rain, and a life-threatening storm surge of Hurricane Ida passed through South Louisiana causing unimaginable damage to properties across the state, including damage to **the Property**.

12.

Widely known publicly available information, namely well-established ratings relied upon by the National Oceanic and Atmospheric Administration's National Hurricane Center, describe the expected damage from a Category 4 Hurricane.

13.

Defendant knew or should have known well before Hurricane Ida made landfall exactly what type of devastation to expect from a Category 4 Hurricane:

> Well-built framed homes can sustain severe damage with loss of most of the roof structure and/or some exterior walls. Most trees will be snapped or uprooted and power poles downed. Fallen trees and power poles will isolate residential areas. Power outages will last weeks to possibly months. Most of the area will be uninhabitable for weeks or months. *Saffir-Simpson Hurricane Wind Scale.*

14.

Hurricane Ida caused significant damage to **the Property**.

15.

In compliance with the policy, Plaintiff timely provided notice of the loss to Defendant and took reasonable steps to mitigate the damage caused by the loss event as soon as reasonably possible.

16**.**

Upon notification of the loss event, Defendant performed an inspection of the damage to **the Property.** Defendant's inspection constituted satisfactory notice of loss sufficient to provide Defendant with actual knowledge of the scope and extent of the damage to **the Property**.

17.

Defendant's adjuster determined the value of the covered damages to **the Property** totaled $21,162.55. However, the adjuster assigned to the claim conducted a substandard investigation and inspection of **the Property**; prepared a report that did not include all the damages that were visible during the inspection; and denied and/or undervalued the damages observed during the inspection.

18.

Defendant, directly and/or through its loss consultants and adjusters, had ample opportunity to properly investigate and inspect the damage to **the Property**, but instead, completed an unfair and unreasonable claim evaluation and inspection. Defendant refused to fully indemnify Plaintiff for covered damages to the roof, siding, shed, and patio cover resulting from Hurricane Ida.

19.

Defendant's outcome-oriented investigation of Plaintiff's claim and willful ignorance of the true scope and extent of the damages, resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses to **the Property**, and a grossly inadequate payment to Plaintiff.

20.

As a result, Plaintiff was forced to retain independent professionals to determine the scope and cost of damages caused by Hurricane Ida. The public adjuster retained by Plaintiff, Assured Value Claims, determined that **the Property** requires more extensive repair and/or replacement due to the damage caused by Hurricane Ida than Defendant estimated and valued that covered damages at $260,925.04, not including loss of business income damages.

21.

To date, Defendant has not made any payments and chose not to provide any basis or excuse for its decision not to make full payment for Plaintiff's covered damages.

22.

As a result of Defendant's delays, bad faith handling of Plaintiff's claim, and Defendant's choice not to pay the amounts due under **the Policy**, Plaintiff had to retain undersigned counsel to bring the claim to a conclusion and final resolution. Plaintiff has also been forced to incur

professional expenses, including expert and attorney fees, to show that Defendant chose not to timely pay adequate amounts owed under **the Policy** in connection with Plaintiff's claim.

23.

Despite having received satisfactory proof of the losses and covered damages to **the Property** caused by Hurricane Ida, Defendant denied and/or underpaid Plaintiff's insurance claim and breached the insurance contract.

24.

Defendant's acts and omissions in failing to pay Plaintiff the actual amounts owed under the Policy within sixty (60) days of receiving satisfactory proof of loss is arbitrary, capricious, or without, probable cause, and Defendant is in breach of its affirmative duties of good faith and fair dealing.

25.

As a result of Defendant's failure and delays to timely adjust and pay the loss amounts due under the Policy in response to the damage caused by Hurricane Ida, Plaintiff has and/or will continue to sustain additional loss and damage and will continue to incur additional cost and expense at increased prices in connection with its completion of the repairs.

**CAUSES OF ACTION**

26.

**A.     Breach of Insurance Contract**

The Policy is an insurance contract between Plaintiff and Defendant that provides coverage for the losses resulting from Hurricane Ida.

27.

Despite having adequate proof of loss, Defendant chose not to timely tender sufficient funds owed to Plaintiff under the Policy.

28.

Upon information and belief, Defendant has breached the insurance contract by, among other things:

    (i)    purposely and/or negligently failing to timely tender undisputed insurance proceeds;

    (ii)    purposely and/or negligently misrepresenting to Plaintiff the terms and conditions of the relevant Policy;

    (iii)    conducting the investigation and claims handling in bad faith; and

    (iv)    failing to adequately compensate Plaintiff for the damages to **the Property**, as required by the Policy.

29.

Plaintiff has suffered and will continue to suffer damages as a result of Defendant's breaches of the insurance contract.

30.

**B.    Bad Faith Damages for Violations of LSA-R.S. §22:1892 and §22:1973.**

Defendant violated Louisiana law, specifically, LSA-R.S. 22:1892 and LSA-R.S. 22:1973 in the following ways:

    a.    Failed to initiate loss adjustment in a timely and meaningful manner after receiving notice of loss.

    b.    Failed to make a written offer to settle within 30 days of receiving satisfactory proof of loss.

    c.    Failed to make payment within 30 days of receiving satisfactory proof of loss.

    d.    Failed to make payment within 60 days of receiving satisfactory proof of

   loss.

e. Misrepresented pertinent facts or insurance policy provisions relating to coverages at issue.

## DAMAGES

31.

As a result of Defendant's breach of contract and violation of La. Rev. Stat. § 22:1892 and La. Rev. Stat. § 22:1973, Defendant is liable to Plaintiff for the following nonexclusive list of past, present, and future damages:

a. All cost of repairs and/or replacement of damages to **the Property** resulting from Hurricane Ida;

b. All past, present, and future general damages suffered by Plaintiff as a result of Defendant's breach, including but not limited to, stress, uncertainty, worry, anxiety, depression, financial distress, mental anguish, frustration, pain, disruption of life, and inconvenience;

c. A penalty of up to two-times the special and general damages suffered by Plaintiff as a result of the breach;

d. A penalty of 50% of the amount found to be due at the time of the breach;

e. Bad faith and/or negligent damages for unlawful adjusting practices, including but not limited to failing to adequately adjust the property damage and/or Plaintiff's claim, misrepresentation of the terms of the policies, purposeful and/or negligent under-scoping of damages leading to a failure to pay the relevant claim and/or underpayment of relevant claim, failure to pay timely for covered damages known to the Defendant or damages the Defendant should have known existed at the time of the original adjustment or inspection etc., leading to various general and or special damages;

f. Diminution of the value of **the Property**;

g. Loss of Business Income;

h. Loss and damage due to delays and/or inability to make appropriate repairs as a result of inadequate insurance payments;

i. Any and all other consequential damages caused by Defendant's breaches;

j. Attorney fees and costs of these proceedings, and all other costs incurred as a result of Defendant's breaches;

k. Prejudgment interest at the highest lawful rate from the date of judgment until payment; and

l. Any and all other damages that are shown through discovery and/or proven at the trial of this matter. As a result of the actions of the Defendant, Plaintiff has suffered the following nonexclusive list of past, present, and future damages, in amounts reasonable in the Property:

34.

Plaintiff CARROLLTON STREET PROPERTIES, LLC requests a Trial by Jury.

WHEREFORE, the premises considered, Plaintiff, CARROLLTON STREET PROPERTIES, LLC, prays that:

I. Defendant, INDEPENDENT SPECIALTY INSURANCE COMPANY, be served with a copy of this Complaint and be duly cited to appear and answer same;

II. After due proceedings had, there be judgment herein in favor of Plaintiff, CARROLLTON STREET PROPERTIES, LLC., and against the Defendant, INDEPENDENT SPECIALTY INSURANCE COMPANY, for such sums as may be reasonable under the circumstances of this case, together with legal interest thereon from the date of judicial demand, until paid, and all costs of these proceedings; together with penalties and attorneys' fees as provided by law; and

III. Plaintiff, CARROLLTON STREET PROPERTIES, LLC, be granted all further and different relief as the facts, law, and equity of this case require.

Respectfully submitted by,

 */s/ Aaron Hurd*
**AARON HURD SBN: 34601**
**DALY & BLACK, P.C.**
**2211 Norfolk St. | Suite 800**
**Houston, TX 77098**
**Ph: 713.655.1405**
**Fax: 713.655.1587**
**Ahurd@dalyblack.com**
**www.dalyblack.com**

**PLEASE SERVE:**

INDEPENDENT SPECIALTY INSURANCE COMPANY
*Through Its Registered Agent for Service:*
LOUISIANA SECRETARY OF STATE
8585 Archives Avenue
Baton Rouge, Louisiana 70809