UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**CARROLLTON STREET PROPERTIES, LLC**           **CIVIL ACTION**

**VERSUS**                                       **NO: 23-4701**

**INDEPENDENT SPECIALTY INSURANCE CO.**          **SECTION: "H"**

### ORDER AND REASONS

Before the Court is Defendant Independent Specialty Insurance Company's Motion to Compel Arbitration and Stay Proceedings (Doc. 10). For the foregoing reasons, the Motion is **GRANTED**.

### BACKGROUND

Plaintiff Carrollton Street Properties, LLC alleges that Defendant Independent Specialty Insurance Company breached its insurance policy ("the Policy") by failing to provide coverage for damages sustained to its properties during Hurricane Ida. Defendant, a domestic surplus lines insurer, has moved to compel arbitration of this dispute pursuant to an arbitration agreement in the Policy. Plaintiffs oppose, arguing that the arbitration clause is unenforceable under Louisiana law.

1

## **LEGAL STANDARD**

The question of arbitrability is governed by the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 et seq., which broadly applies to any written provision in "a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction."[1] A two-step analysis governs whether parties should be compelled to arbitrate a dispute.[2] The Court must first determine whether the parties agreed to arbitrate the dispute.[3] This determination involves two separate inquiries: (1) whether there is a valid agreement to arbitrate between the parties, and, if so, (2) whether the dispute in question falls within the scope of that agreement.[4] Both inquires are generally guided by ordinary principles of state contract law.[5] The strong federal policy favoring arbitration applies "when addressing ambiguities regarding whether a question falls within an arbitration agreement's scope," but it does not apply "when determining whether a valid agreement exists."[6] If the Court finds the parties agreed to arbitrate, it must then proceed to the second step of the analysis and consider whether any federal statute or policy renders the claims non-arbitratable.[7]

---

[1] Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24 (1983).
[2] JP Morgan Chase & Co. v. Conegie *ex rel.* Lee, 492 F.3d 596, 598 (5th Cir. 2007).
[3] Banc One Acceptance Corp. v. Hill, 367 F.3d 426, 429 (5th Cir. 2004).
[4] Sherer v. Green Tree Servicing LLC, 548 F.3d 379, 381 (5th Cir. 2008).
[5] *See* First Options of Chi., Inc. v. Kaplan, 514 U.S. 938, 944 (1995).
[6] *Sherer*, 548 F.3d at 381.
[7] Primerica Life Ins. Co. v. Brown, 304 F.3d 469, 471 (5th Cir. 2002).

## LAW AND ANALYSIS

The arbitration clause in the Policy at issue provides that:

> All matters in dispute between you and us (referred to in this policy as "the parties") in relation to this Insurance, including this policy's formation and validity, and whether arising during or after the period of this insurance, shall be referred to an Arbitration Tribunal in the manner described below.

Plaintiff does not dispute that the arbitration clause in the Policy is valid or that its claims fall within its scope. Rather, Plaintiff argues that Louisiana Revised Statutes § 22:868 prohibits arbitration clauses in insurance contracts between Louisiana residents and domestic insurers. Indeed, § 22:868(A) provides that no insurance contract covering subjects located in the state shall include a provision "[d]epriving the courts of this state of the jurisdiction or venue of action against the insurer." The Louisiana Supreme Court has held that § 22:868(A) prohibits arbitration provisions in insurance contracts.[8] Defendant responds, however, that § 22:868(D) provides an exception to Louisiana's prohibition against arbitration clauses for surplus insurers like Defendant. Section 22:868(D) provides that "[t]he provisions of Subsection A of this Section shall not prohibit a forum or venue selection clause in a policy form that is not subject to approval by the Department of Insurance."[9] The parties dispute whether an arbitration clause is a "forum or venue selection clause" under the terms of § 22:868(D). Accordingly, that question is now before the Court.

---

[8] Doucet v. Dental Health Plans Mgmt. Corp., 412 So. 2d 1383, 1384 (La. 1982).

[9] "Surplus lines policies (like the one at issue in this case) are not subject to approval by the Department of Insurance." Beachcorner Props., LLC v. Indep. Specialty Ins. Co., No. CV 23-1287, 2023 WL 7280516, at *5 (E.D. La. Nov. 3, 2023).

Although the Louisiana Supreme Court has not expressly answered this question,[10] nearly every section of this district to have considered it has answered it in the affirmative.[11] In taking an *Erie* guess in *Ramsey v. Independent Specialty Insurance Co.*, Judge Ivan Lemelle found that "recent authority suggests that the Supreme Court of Louisiana considers arbitration clauses to be a subset of forum selection clauses, and this Court is therefore bound by such interpretation."[12] Likewise, Judge Wendy Vitter explained in *Southland Circle, LLC v. Independent Specialty Insurance Co.*:

---

[10] Ramsey v. Indep. Specialty Ins. Co., No. CV 23-0632, 2023 WL 5034646, at *3 (E.D. La. Aug. 8, 2023) (J., Lemelle) ("The question of whether La. Rev. Stat. § 22:868 applies to surplus line insurers has not been ruled on by the Louisiana Supreme Court, therefore this Court "must make an 'Erie guess' and 'determine as best it can' what the Louisiana Supreme Court would decide."); Southland Circle, LLC v. Indep. Specialty Ins. Co., No. CV 23-855, 2023 WL 7688570, at *2 (E.D. La. Nov. 15, 2023) (J., Vitter) ("In recognition of the importance of the question presented to the Court in this case and in cases across the dockets of other courts, and the lack of any definitive caselaw construing 22:868(D), this Court submitted the following Certified Question to the Louisiana Supreme Court: "Whether La. R.S. 22:868 prohibits the enforcement of arbitration clauses in insurance contracts for surplus lines insurers." On October 3, 2023, the Louisiana Supreme Court denied the certification.").

[11] *Ramsey*, 2023 WL 5034646, at *5 (J., Lemelle); *Southland Circle, LLC*, 2023 WL 7688570, at *2 (J., Vitter); Cornerstone Ass'n v. Indep. Specialty Ins. Co., No. CV 23-2478, 2023 WL 8257987, at *3 (J., Morgan); *Beachcorner Props., LLC*, 2023 WL 7280516, at *7 (J., Ashe); Heart 2 Heart Fam. Worship Ctr. v. Indep. Specialty Ins. Co., No. 2:23-CV-00471, 2023 WL 8494536, at *2 (E.D. La. Nov. 1, 2023) (J., Guidry); 711 Tchoupitoulas Condo. Ass'n, Inc. v. Indep. Specialty Ins. Co., No. 22-CV-276, 2023 WL 8716580, at *4 (E.D. La. Dec. 18, 2023) (J., Papillion); Casa Angelo, Inc. v. Indep. Specialty Ins. Co., No. CV 23-5842, 2023 WL 8600462, at *3 (E.D. La. Dec. 12, 2023) (J., Fallon); Union Bethel Afr. Methodist Episcopal Church v. Indep. Specialty Ins. Co., No. CV 23-5455, 2023 WL 8804895, at *3 (E.D. La. Dec. 20, 2023) (J., Africk); Bourgeois v. Indep. Specialty Ins. Co., No. CV 22-1256, 2023 WL 6644171, at *2 (E.D. La. Oct. 12, 2023) (J., Lemmon); *c.f.* Fairway Vill. Condos. v. Indep. Specialty Ins. Co., No. CV 22-2022, 2023 WL 2866944, at *5 (E.D. La. Apr. 10, 2023) (J., Brown) (relying on *Bufkin Enterprises LLC v. Indian Harbor Ins. Co.*, No. 2:21-CV-04017, 2023 WL 2393700, at *7 (W.D. La. Mar. 7, 2023) (Cain, J.)).

[12] *Ramsey*, 2023 WL 5034646, at *5.

Based on a review of relevant Louisiana caselaw, the Court finds that arbitration clauses are a type of forum or venue selection clause and, thus, that arbitration clauses are permissible in surplus lines insurance policies pursuant to La. R.S. 22:868(D). In so holding, the Court primarily relies on two recent Louisiana Supreme Court cases, *Hodges v. Reasonover* and *Donelon v. Shilling*. In *Hodges*, the Louisiana Supreme Court considered whether a binding agreement to arbitrate in an attorney-client retainer agreement is enforceable under Louisiana law. Of relevance to the instant question, the court quoted at length and cited approvingly a federal Fifth Circuit case, *Ginter ex rel. Ballard v. Belcher, Prendergast & Laporte*, which described an arbitration clause as "a type of forum-selection clause." A portion of *Ginter* directly quoted by the Louisiana Supreme Court in Hodges reads, in relevant part, "[a] mandatory-arbitration clause (or any forum selection clause)," further suggesting that arbitration clauses are a subset of forum selection clauses. Further, in reference to the quoted language from *Ginter*, the court in *Hodges* explained that "[w]e agree with this reasoning. An arbitration clause does not inherently limit or alter either party's substantive rights; it simply provides for an alternative venue for the resolution of disputes." The implication in Hodges is that arbitration clauses are to be considered like venue or forum selection clauses because they are a type of venue or forum selection clause.

More recently, in *Donelon v. Shilling*, the Louisiana Supreme Court, citing the above language from *Hodges*, stated that "[a]n arbitration clause has been characterized by this court as a type of venue selection clause." Although at Oral Argument counsel for the Plaintiff characterized the language from *Hodges* and *Donelon* as mere dicta, the Court nevertheless finds it persuasive that the Louisiana Supreme Court has explicitly addressed the proper characterization of arbitration clauses and endorsed the view that they are a species of forum selection clauses. Lacking any evidence from Plaintiff that Louisiana courts do not regard arbitration clauses as a type of venue or forum selection clause, this Court will not disregard the clear

5

language from the Louisiana Supreme Court in *Hodges* and *Donelon*, dicta or not.[13]

In addition, Judge Mary Ann Lemmon explained in *Bourgeois v. Independent Specialty Insurance Co.* that "the legislative history of La. R.S. § 22:868 reflects an intent to preserve flexibility for surplus lines insurers" and "guarantee that surplus lines insurers were exempt from the prohibitions codified in Section A."[14] In total, at least nine sections of this Court have agreed that Louisiana law recognizes an arbitration clause as a type of forum selection clause and therefore under § 22:868(D) surplus lines insurers are not prohibited from including arbitration clauses in their policies.[15]

This Court finds the foregoing analyses compelling, and Plaintiff has not presented any persuasive argument to the contrary.[16] Accordingly, for the

---

[13] *Southland Circle, LLC*, 2023 WL 7688570, at *4–5.

[14] *Bourgeois*, 2023 WL 6644171, at *4.

[15] *Ramsey*, 2023 WL 5034646, at *5 (J., Lemelle); *Southland Circle, LLC*, 2023 WL 7688570, at *2 (J., Vitter); *Cornerstone Ass'n*, 2023 WL 8257987, at *3 (J., Morgan); *Beachcorner Properties, LLC*, 2023 WL 7280516, at *7 (J., Ashe); *Heart 2 Heart Fam. Worship Ctr.*, 2023 WL 8494536, at *2 (J., Guidry); *711 Tchoupitoulas Condo. Ass'n*, Inc., 2023 WL 8716580, at *4 (J., Papillion); *Casa Angelo, Inc.*, 2023 WL 8600462, at *3 (J., Fallon); *Union Bethel Afr. Methodist Episcopal Church*, 2023 WL 8804895, at *3 (J., Africk) *Bourgeois*, 2023 WL 6644171, at *2 (J., Lemmon).

[16] Plaintiff relies primarily on an opinion out of the Western District of Louisiana, *Bufkin Enters. LLC v. Indian Harbor Ins. Co.*, 2023 WL 2393700 (W.D. La. Mar. 7, 2023) (Cain, J.), which held that "[b]ased on the text of Section 22:868, the Court cannot ... arrive at an interpretation that conflates arbitration clauses with forum and venue clauses; the former is jurisdictional whereas the latter are not. Thus, to read arbitration clauses into the text of Subsection D would be to confer a different meaning than intended by the legislators." As other courts in this district have pointed out, however, arbitration clauses are not jurisdictional. *See Bourgeois*, 2023 WL 6644171, at *2 ("The federal courts of appeals have consistently found that district courts intend to retain jurisdiction when they stay proceedings pending arbitration.").

6

reasons stated in *Ramsey*, *Southland Circle, Bourgeois*, and the other Eastern District cases cited herein, this Court finds that arbitration clauses are "forum or venue selection clauses" under the terms of § 22:868(D).[17] Defendant is therefore not prohibited from including an arbitration clause in its surplus lines policy. Because Plaintiff has not raised any other defense to Defendant's Motion to Compel Arbitration, this Court finds the Policy's arbitration agreement to be valid and enforceable.

Defendant has asked the Court to stay this matter pending arbitration. Pursuant to 9 U.S.C. § 3, the Court "shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement." Accordingly, this matter must be stayed pending resolution of the arbitration proceedings.

## CONCLUSION

For the foregoing reasons, the Motion is **GRANTED**. The parties are compelled to arbitrate this dispute in compliance with the terms of the Policy. This matter is **STAYED** and **ADMINISTRATIVELY CLOSED** pending arbitration.

---

[17] *See Ramsey*, 2023 WL 5034646, at *5 (J., Lemelle); *Southland Circle, LLC*, 2023 WL 7688570, at *2 (J., Vitter); *Cornerstone Ass'n*, 2023 WL 8257987, at *3 (J., Morgan); *Beachcorner Properties, LLC*, 2023 WL 7280516, at *7 (J., Ashe); *Heart 2 Heart Fam. Worship Ctr.*, 2023 WL 8494536, at *2 (J., Guidry); *711 Tchoupitoulas Condo. Ass'n*, Inc., 2023 WL 8716580, at *4 (J., Papillion); *Casa Angelo, Inc.*, 2023 WL 8600462, at *3 (J., Fallon); *Union Bethel Afr. Methodist Episcopal Church*, 2023 WL 8804895, at *3 (J., Africk) *Bourgeois*, 2023 WL 6644171, at *2 (J., Lemmon).

New Orleans, Louisiana this 1st day of February, 2024.

_____
 **JANE TRICHE MILAZZO
 UNITED STATES DISTRICT JUDGE**